As I understand the holding of the majority, it is that a trial judge, at "a post-judgment critique of a punitive damages award," must consider the defendant's financial position, because, says the majority: "When considering punitive damages . . . the defendant's right to fair punishment must be considered above the plaintiff's right to recover the fullest amount of punitive damages." The majority cites the dissenting opinion of Justice Houston in Tatum v. Schering Corp.,523 So.2d 1042, *Page 75 
1048 (Ala. 1988), in support of this proposition of law.
The majority also relies heavily upon this Court's case ofGreen Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), a case in which I concurred specially to point out that the law of punitive damages is under review by the United States Supreme Court on the question of the constitutionality of punitive damages.
During the last decade, this Court has been called upon several times to review the question of excessiveness of punitive damages awards. In Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986), this Court stated the following:
 "Our cases reflect a number of factors which are appropriate for the trial court's consideration: The culpability of the defendant's conduct, Ridout's-Brown Service, Inc. v. Holloway, 397 So.2d 125 (Ala. 1981); the desirability of discouraging others from similar conduct, Ford Motor Credit Co. v. Washington, 420 So.2d 14 (Ala. 1982); the impact upon the parties, Alabama Power Co. v. Hussey, 291 Ala. 586, 285 So.2d 92 (1973). These are by no means exclusive. Justice may well require consideration of other factors, such as the impact on innocent third parties. We make no attempt to enumerate all of the factors which may be considered by the trial court. We instead leave that to its sound discretion. We do emphasize, however, that only where the record establishes that the award is excessive or inadequate as a matter of law, or where it is established and reflected in the record that the verdict is based upon bias, passion, corruption, or other improper motive may a trial court order a new trial or remittitur. Only by requiring that a record be made can this Court adequately discharge its role of appellate review of trial court action in either granting or refusing to grant a new trial where remittitur is granted or denied."
493 So.2d at 1379.
This case was remanded to the trial court for the purpose of reviewing it under the so-called Hammond guidelines, and the trial judge refused to order a remittitur. I am completely convinced that, even considering the wealth of the defendant as a permissible factor — which the trial judge could have considered — the award here was not excessive. I would not disturb the trial court's judgment.
Allowing juries a standardless discretion to assess punitive damages has concerned me for some time. Because theHammond guidelines furnished to the trial judge some criteria for the determination of the appropriate punishment in each particular case, I am still of the opinion that the culpability of the defendant is the major factor that should be considered in the award of punitive damages in any case. Because this particular opinion lays such great stress on the worth of the defendant in reaching the conclusion it reaches, I must respectfully dissent. In an appropriate case, after the Supreme Court of the United States has reviewed Kelco Disposal, Inc.,v. Browning-Ferris Indus. of Vermont, Inc., 845 F.2d 404 (2d Cir. 1988), cert. granted, ___ U.S. ___, 109 S.Ct. 527,102 L.Ed.2d 559 (1988), I will spell out in great detail what I believe the law of punitive damages is in this State.